Raymond E. PAWLOWSKI, Plaintiff,

v.

NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, a public corporation, Defendant.

No. 98 C 1893.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 2, 1998.

John J. Jawor, The Jawor Law Firm, Woodridge, IL, for Raymond E. Pawlowski, plaintiff.

Sue–Ann Rosen, Raymond E. Belstner, Metra, Chicago, IL, Ellen Kornichuk Emery, Attorney at Law, Chicago, IL, Richard Capra, NIRC/Metra Chicago, IL, for Northeast Illinois Regional Commuter Railroad Corporation, a public corporation, defendant.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Raymond E. Pawlowski ("Pawlowski") has filed a complaint alleging that defendant Northeast Illinois Regional Commuter Railroad Corporation d/b/a/ Metra ("Metra") has violated the Railway Labor Act ("RLA"), 45 U.S.C. § 151 et seq., by preventing him from having a union representative present at an investigatory interview concerning an alleged violation by plaintiff of Metra's regulations concerning possession of a weapon. Defendant has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(1), arguing that the court does not have jurisdiction because the RLA does not give plaintiff the right to representation at the initial interview.

Although plaintiff argues that the RLA's plain language and legislative history demonstrate that he has a statutory right to have a union representative present at his initial disciplinary hearing, he can point to nothing in the statute or in the caselaw that supports this contention. The RLA does not prescribe disciplinary procedures for an initial hearing or otherwise interfere with a rail carrier's rights to discipline its employees. *See Edwards v. St. Louis–San Francisco R. Co.*, 361 F.2d 946, 953 (7th Cir.1966) ("The provisions of the Railway Labor Act govern neither the procedure by which a carrier may discharge its employees nor the conduct of an investigation hearing on railroad property."). As the Seventh Circuit has held: "We can find no provision of the Railway Labor Act which gives to employees the right to a representative of their own choice at an investigation by company officials of a charge that the employee has violated company rules." *Broady v. Illinois Cent. R. Co.*, 191 F.2d 73, 76 (7th Cir.1951).[1]

---

1. Plaintiff argues that *Broady* is inapposite because the case merely held that the employee had

no right to insist on being represented by the minority union representative. *Broady* does not

The RLA explicitly grants railroad employees the right to have a representative of their choice present during proceedings before the National Railroad Adjustment Board ("Adjustment Board"). *See* 45 U.S.C. § 153 First (j) (stating that when disputes reach the Adjustment Board, "[p]arties may be heard either in person, by counsel, or by other representatives, as they may respectively elect ...."). The Supreme Court has held that this explicit grant suggests that Congress did not believe that a similar right was necessary at an initial hearing. *See Landers v. National R.R. Passengers Corp.*, 485 U.S. 652, 656, 108 S.Ct. 1440, 99 L.Ed.2d 745 (1988) ("That Congress expressly provided railroad employees with the right to the representative of their choice in Adjustment Board proceedings, but did not do so with regard to any earlier phase of the dispute resolution process, is persuasive evidence that Congress did not believe that the participation of minority unions or other outsiders in company-level proceedings was necessary to accomplish the purposes of the Act."). Although *Landers* addressed a different legal issue,[3] its reasoning is applicable to this case and suggests that the RLA does not grant employees the right to representation at an initial disciplinary hearing. The Seventh Circuit has likewise noted that any right to representation does not arise until an internal investigation is complete. *See Broady*, 191 F.2d at 77 ("It appears to us under the above provisions of the Railway Labor Act that the employee's right to representation thereunder, when an investigation o[f] a breach of company rules is involved, would arise only when the officials of the company have completed their inquiry and entered a finding unsatisfactory to the accused employee.") (discussing 45 U.S.C. § 153 First (i), (j), (p)).

■ The procedure at an initial hearing is governed exclusively by the CBA between labor and management. *See Edwards*, 361 F.2d at 954 ("The federal courts are not the guarantors of any rights of either labor or management at the initial hearing, either by force of the Constitution or the Railway Labor Act, for, as we have said, at that stage the dispute is between private parties and the applicable procedure for settling the dispute is governed by the contract between them."). Plaintiff correctly argues that if a provision of the CBA violates an employee's statutory rights, the court has jurisdiction to invalidate the offending provision. *See, e.g., Elgin, J. & E. Ry. Co. v. Burley*, 325 U.S. 711, 740 n. 39, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945) ("[T]he individual employee's rights cannot be nullified merely by agreement between the carrier and the union. They are statutory rights, which he may exercise independently or authorize the union to exercise in his behalf."). Because plaintiff had no statutory right to representation at the initial hearing, any such right would have to be contained in the CBA.

■ The court does not have jurisdiction to invalidate the procedures prescribed by the CBA absent some statutory right. *See McElroy v. Terminal Railroad Ass'n of St. Louis*, 392 F.2d 966, 971 (7th Cir.1968) (distinguishing cases that allege that the CBA violated a statutory right from cases that challenge the CBA's grievance procedures, and determining that the former are justiciable even if the latter are not). The Adjustment Board is the only body that can entertain plaintiff's challenge.[4] The Adjustment Board has virtually exclusive authority to interpret the CBA. *See Kotakis v. Elgin, J. & E. Ry. Co.*, 520 F.2d 570, 575 (7th Cir.1975) ("the interpretation of railroad collective bar-

---

hold, as plaintiff contends, that the RLA itself entitles an employee to majority union representation. Rather, *Broady* rests on the fact that the employee's right to representation was governed by the applicable collective bargaining agreement ("CBA"). *See Broady*, 191 F.2d at 76 ("In the case at bar, appellee's right to representation comes from the agreement of appellant and Dining Car Employees Union, local 351.").

3. *Landers* addressed the issue of whether an employee has a statutory right to be represented by the union of his choice at initial grievance or

disciplinary proceedings. 485 U.S. at 653, 108 S.Ct. 1440. Because the CBA in *Landers* granted employees a contractual right to some union representation at the initial disciplinary hearing, *id.* at 654, 108 S.Ct. 1440, the Supreme Court did not reach the question of whether, absent such a provision, an employee has a statutory right to representation, the issue before the court in the present case.

4. Plaintiff does not allege that he sought review of his dismissal before the Adjustment Board.

gaining agreements is for the Adjustment Board rather than the courts"); *Edwards,* 361 F.2d at 952 ("[The Supreme] Court 'time and again has emphasized and re-emphasized that Congress intended minor grievances of railroad workers to be decided finally by the Railway Adjustment Board.' Appellant, therefore, cannot come before this or the district court complaining that the ... Railway Adjustment Board ... incorrectly interpreted or wrongfully applied a provision of a collective bargaining agreement.") (quoting *Gunther v. San Diego & A.E. Ry. Co.,* 382 U.S. 257, 263, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965)).[5]

Because plaintiff's claim depends on an interpretation of the CBA, over which this court has no jurisdiction, defendant's motion to dismiss is granted.

5.  The CBA in the instant case grants an employee who has been with the company for over one year the right to have two union representatives present at the disciplinary hearing, but says nothing about the representation rights of employees, such as plaintiff, who have been with the company for less than a year.